## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

MATTHEW RANKIN

     *Plaintiff,*

v.

OFFICER WAYNE CASEY (DSN 789),
CITY OF PEVELY, a political
subdivision of the State of Missouri.

     *Defendants,*

Case No.

Hon.

_____/
Solomon M. Radner
EXCOLO LAW, PLLC
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    NOW COMES Plaintiff, MATTHEW RANKIN, by and through his

attorneys, Solomon M. Radner and Excolo Law, PLLC, complaining of Defendants,

and respectfully alleges as follows:

## JURISDICTION AND VENUE

1.     This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments.

2.     Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3.  The events that give rise to this lawsuit took place in The City of Pevely, County of Jefferson, MO

4.     Venue is appropriate in the Eastern District of Missouri pursuant to 28 U.S.C § 1391(b) since the individual Defendant is an employee of The City of Pevely and the acts providing the legal basis for this complaint occurred in the City of Pevely, County of Jefferson, State of Missouri.

## **PARTIES**

5.     Plaintiff, MATTHEW RANKIN ("Plaintiff" or "Mr. Rankin"), is a law abiding citizen of the United States and a resident of the City of Corpus Christi, County of Nueces, State of Texas.

6.     Defendant, City of Pevely, is a political subdivision of the State of Missouri, and at all times relevant herein, was acting under color of state law.

7.     Defendant, Wayne Casey ("Casey") is employed by the City of Pevely as a police officer in the City of Pevely Police Department and was acting under the color of state law.

8.     On or about January 16, 2019, at the time of the events alleged in this Complaint, the Defendants were at all times each acting in their capacities, within the course and scope of their employment as police officers and/or agents employed by the City of Pevely and under the color of law.

## FACTUAL BACKGROUND

9.     On January 16, 2019, at about 12:15 AM, Mr. Rankin observed a traffic stop in the City of Pevely, County of Jefferson, Missouri and began recording the scene with his mobile camera approximately 200 feet away.

10.     Defendant Officer Casey observed that Mr. Rankin was recording the traffic stop.

11.     Casey then got into his police car and drove over to where Mr. Rankin was standing.

12.     Casey asked Mr. Rankin if he has ID with him.

13.     Mr. Rankin responded that he did not.

14.     Mr. Rankin then advised Casey that it is not a "stop and ID state."

15.     Casey responded that in fact it is.

16.     Casey continued to state that in the state of Missouri it is now illegal to record police officers.

17.     Casey then said, "I can seize your phone right now as evidence."

18.     Casey then said, "Let me see your phone. Go ahead and hand it."

3

19.  Mr. Rankin said, "No."

20.  Casey then said, "Hand it right now or I will place you under arrest."

21.  Mr. Rankin then said, "Sir, you just committed a couple felonies. Its protected…"

22.  Casey then shouted over Mr. Rankin, "Listen do you understand what I just said to you?!"

23.  Casey continued to shout at Mr. Rankin, "Stop it right now. Stop it right now."

24.  Mr. Rankin attempted to calmly respond, but Casey instead aggressively grabbed Mr. Rankin's left hand and placed his thumb in a "thumb lock" with his right hand, and used pain compliance to pry Plaintiff's hand open to retrieve his cell phone.

25.  Casey then turned off the live stream which Mr. Rankin was using to record, and began scrolling through Mr. Rankin's phone, viewing its contents.

26.  Casey again reiterated in a loud tone, "It is illegal in the State of Missouri to film us."

27.  Mr. Rankin responded, "The Supreme Court already ruled against that sir."

28.  Casey shouted back, "No. Bull."

29.  Casey continued, "I am going to seize your phone as evidence."

4

30.    Mr. Rankin said, "I am going to suggest you don't do that."

31.    Casey responded, "I don't care what you suggest."

32.    Mr. Rankin continued, "You lost your qualified immunity."

33.    Casey then demanded from Mr. Rankin that he show him is ID.

34.    Casey then said, "You are interfering with my traffic stop. Let me see your ID."

35.    Mr. Rankin replied, "I am on the other side of the street sir."

36.    Casey responded, "It doesn't matter. You are taking my attention away from my traffic stop. Because now I have to watch over here to see what you're doing to make sure you're not going to harm me, therefore you're interfering with my stop because I am now taking my attention away from my traffic stop. Do you understand what I just said? Give me your ID."

37.    Casey continued to talk over Mr. Rankin's attempted calm response and said, "I don't want your explanation. I don't want your explanation. Do you understand that?"

38.    Mr. Rankin then handed over his ID.

39.    Casey then said, "stand right here in front of my patrol car."

40.    Mr. Rankin then asked Casey twice if he was being detained. Casey responded, "you don't get to ask questions."

41.     Mr. Rankin then stated that Casey had seized Plaintiff and his property, and that this was a constitutional violation under 1983. Casey replied, "there is no such thing."

42.     Casey then took his ID and searched it the information in his computer in his police patrol car.

43.     Casey then got out of his patrol car and said, "You're out here trying to record us and trying to act like you know the laws."

44.     Casey continued, "Let me explain things. You're over here trying to act like your one of them guys who want to quote the laws to the cops and act like you know everything and act like all this I committed federal felonies, there's no such thing you don't even know what your talking about bud. Alright. I've done nothing wrong. I'm well within my rights to do my job. Like I said you're over here interfering with my traffic stop. Because now I see you over here. I see something. A red light flashing at us occasionally. I don't know if that's a laser I don't know what that is. There was some sort of red light coming off your phone."

45.     Mr. Rankin shook his head as to the red light.

46.     Casey continued, "I saw it several times. That's what caught my attention over here. So therefore, you are now interfering with my stop because now I have to take my attention off of this stop to watch you and see what your doing to make sure you're not sitting over here with a weapon that's going to hurt me or my

6

partner or the people that we have stopped over here. I don't know you I don't know what your doing over here."

47.   Casey continued, "I can seize this phone if I want to, get a search warrant, and search it for any evidence pertaining to my traffic stop. Would you like me to do so?"

48.   Mr. Rankin responded that he did not.

49.   Casey then continued, "I suggest you get back in your vehicle and let us do our job. We have more than enough officers over here."

50.   Mr. Rankin responded that he had no intention of interfering.

51.   Casey responded, "but that's what you were doing."

52.   Mr. Rankin responded, "You are entitled to your opinion."

53.   Casey responded, "No. It's not my opinion. That is by statute what you were doing. You took my attention off of my traffic stop. I now had to take my attention and turn it towards you which is interfering with what I'm doing over there."

54.   Casey continued, "I would suggest you get in your vehicle bud and have a good night. We have more than enough officers over here that know what we're doing."

55.   Mr. Rankin then advised Casey that in Mr. Rankin's opinion Casey violated his first amendment rights, unlawfully detained him and unlawfully seized his phone.

56.   Casey said, 'no I didn't illegally detain you."

57.   Mr. Rankin continued to explain that the supreme court ruled that obstruction is only crime if you are close to the scene of the investigation.

58.   Casey said, "No. No. Do you realize the distance a rifle can shoot?"

59.   Casey continued, "If you have a weapon pointed at me that's not legal. That is not legal if you have a weapon pointed at me that is not legal."

60.   Mr. Rankin then continued to explain that Casey illegally seized his phone.

61.   Casey responded," I held on to your phone while we conducted our business."

62.   Casey continued," You could have turned around and walked away. You could have turned around and walked away. You could have turned around and walked away. Goodbye. Goodbye."

63.   Mr. Rankin then asked if he stays there will Casey arrest him.

64.   Casey answered, "If you start recording us again and interfering with my stop, I'm going to come over here and I'm going to seize your phone and I'm going to arrest you for interfering once again with my stop."

8

65.   The unlawful detainment of Mr. Rankin was done in blatant violation of the Fourth and First Amendments.

66.   The unlawful threat to arrest Mr. Rankin was done in blatant violation of the First and Fourth Amendments.

67.   The unlawful taking of Mr. Rankin's video camera was done in blatant violation of the First and Fourth Amendments.

68.   No lawful basis existed for the Defendant to confiscate Mr. Rankin's phone.

69.   Defendant Casey's actions were done sadistically, intentionally, maliciously, knowingly, wantonly, recklessly, purposely, deliberately, unlawfully, and through deliberate indifference and gross negligence and without any objective reasonableness or good faith, and not in furtherance of a legitimate government interest.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (First Amendment – Unlawfully Preventing Recording a Traffic Stop and Police Officers)

### *(Against Casey and City of Pevely Defendants)*

70.   Plaintiff incorporates herein all the prior allegations.

71.   Plaintiff engaged in Constitutionally protected conduct of recording a traffic stop and police officers.

9

72.    Defendant threatened Plaintiff that if he would continue to record him he would arrest him and take his camera away.

73.    Plaintiff was prevented from exercising his First Amendment right to record a traffic stop and police officers.

74.    Defendant intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently prevented Plaintiff from recording a traffic stop and police officers without a warrant or any lawful basis.

75.    Defendant's actions were based on Defendants' knowing, deliberate, and reckless disregard for the truth. Further, Defendants had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

76.    Defendant intentionally prevented Plaintiff from recording a traffic stop and police officers which deprived Plaintiff of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

77.    As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

### COUNT II
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Retaliation for Protected Conduct)

*(Against Defendants Casey and City of Pevely)*

10

78.   Plaintiff incorporates herein all the prior allegations.

79.   Plaintiff engaged in Constitutionally protected conduct of recording a police officer with his phone camera.

80.   Defendant Casey detained Plaintiff for exercising his First Amendment right to record on-duty police officers.

81.   In retaliation for this protected conduct, Defendant Casey intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, Plaintiff without a warrant or any lawful basis.

82.   Plaintiff's retaliatory detainment was based on Defendant Casey's knowing, deliberate, and reckless disregard for the truth. Further, Defendant Casey had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

83.   Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

84.   The retaliation was motivated at least in part by the protected speech and action of recording police officers.

85.   There was a causal connection between Plaintiff's Constitutionally protected conduct and the adverse retaliatory actions taken by the Defendant against Plaintiff.

86.   Defendant Casey intentionally detained Plaintiff and/or had him detained with the intention of confining him within the fixed boundaries of the front of his patrol vehicle and kept him detained for a substantial amount of time before releasing him. Additionally, Defendant Casey's conduct in detaining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

87.   The acts complained of were carried out by the individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of Pevely, all under the supervision of ranking officers of said department.

88.   As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

### COUNT III
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Retaliation for Protected Conduct)

*(Against Defendants Casey and City of Pevely)*

89.   Plaintiff incorporates herein all the prior allegations.

90.   Plaintiff engaged in Constitutionally protected conduct of recording police officers with his phone camera.

91.    Defendant Casey seized Plaintiff's ID for exercising his First Amendment right to record police officers.

92.    In retaliation for this protected conduct, Defendant Casey intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's ID without a warrant or any lawful basis.

93.    Plaintiff's retaliatory detainment was based on Defendant Casey's knowing, deliberate, and reckless disregard for the truth. Further, Defendant Casey had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

94.    Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

95.    The retaliation was motivated at least in part by the protected speech or action of filming police officers.

96.    There was a causal connection between Plaintiff's Constitutionally protected conduct and the adverse retaliatory actions taken by Defendant Casey against Plaintiff.

97.    Defendant Casey intentionally seized Plaintiff's ID with the intention of seizing it for a substantial amount of time before releasing it. Additionally, Defendant Casey's conduct in seizing Plaintiff's ID deprived him of his liberty

without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

98.    The acts complained of were carried out by the individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of Pevely, all under the supervision of ranking officers of said department.

99.    As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Retaliation for Protected Conduct)

### *(Against Defendants Casey and City of Pevely)*

100.  Plaintiff incorporates herein all the prior allegations.

101.  Plaintiff engaged in Constitutionally protected conduct of recording police officers with his phone camera.

102.  Defendant Casey seized Plaintiff's phone for exercising his First Amendment right to record police officers.

103.  In retaliation for this protected conduct, Defendant Casey intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis.

14

104. Plaintiff's retaliatory detainment was based on Defendant Casey's knowing, deliberate, and reckless disregard for the truth. Further, Defendant Casey had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

105. Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

106. The retaliation was motivated at least in part by the protected speech or action of filming police officers.

107. There was a causal connection between Plaintiff's Constitutionally protected conduct and the adverse retaliatory actions taken by Defendant Casey against Plaintiff.

108. Defendant Casey intentionally seized Plaintiff's phone with the intention of seizing it for a substantial amount of time before releasing it. Additionally, Defendant Casey's conduct in seizing Plaintiff's phone deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

109. The acts complained of were carried out by the individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of Pevely, all under the supervision of ranking officers of said department.

110.  As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

<u>**COUNT V**</u>
**<u>VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>**
**<u>(Fourth Amendment - Unlawful Seizure of Phone)</u>**

***(Against Defendants Casey and City of Pevely)***

111.  Plaintiff incorporates herein all the prior allegations.

112.  The Fourth Amendment requires police officers to possess sufficient probable cause before seizing the property of a criminal suspect.

113.  Defendant Casey intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently seized Plaintiff's phone without a warrant or any lawful basis.

114.  At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

115.  At all times relevant, as a police officer acting under color of law, Defendant Casey was required to obey the laws of the United States.

116.  The acts complained of were carried out by the individual Defendant in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

117.  The acts complained of were carried out by the individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of Pevely, all under the supervision of ranking officers of said department.

118.  Defendant, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

119.  In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life, liberty, and property without due process of law under the Fourth Amendments to the United States Constitution, Defendant Casey unlawfully seized Plaintiff's property.

120.  As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT VI
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment - Unlawful Seizure of ID)

*(Against Defendants Casey and City of Pevely)*

121.  Plaintiff incorporates herein all the prior allegations.

122.  The Fourth Amendment requires police officers to possess sufficient probable cause before seizing the property of a criminal suspect.

123.  Defendant Casey intentionally, knowingly, and maliciously, recklessly, unreasonably, and/or gross negligently ordered Plaintiff to give him his ID and thereafter, seized Plaintiff's ID without a warrant or any lawful basis.

124.  At all times relevant, Plaintiff had a clearly established right to liberty, including unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

125.  At all times relevant, as a police officer acting under color of law, Defendant Casey was required to obey the laws of the United States.

126.  The acts complained of were carried out by the individual Defendant in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

127.  The acts complained of were carried out by the individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of Pevely, all under the supervision of ranking officers of said department.

128.  Defendants collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure

or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

129.  In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life, liberty, and property without due process of law under the Fourth Amendments to the United States Constitution, Defendant Casey unlawfully seized Plaintiff's property.

130.  As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT VII
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment - Unlawful Detainment)

### *(Against Defendants Casey and City of Pevely)*

131.  Plaintiff incorporates herein all the prior allegations.

132.  The Fourth Amendment requires police officers to possess sufficient reasonable suspicion of criminal activity to detain a suspect.

133.  At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

134.  At all times relevant, as police officers acting under color of law, Defendant Officers were required to obey the laws of the United States.

135.  Defendant Casey wantonly, intentionally, knowingly, maliciously, recklessly, objectively unreasonably, and/or with gross negligence and/or deliberate indifference, detained Plaintiff without a warrant or any lawful basis.

136.  Plaintiff was detained by Defendant Casey for filming the traffic stop.

137.  Plaintiff was ordered to stand in front of Defendant Casey's vehicle, phone was forcibly seized, and ID was seized was not free to leave and was therefore detained.

138. Plaintiff's detainment was based on Defendant Casey's knowing, deliberate, and reckless disregard for the truth, wherein, Defendant Casey, made false statements regarding the law. Further, Defendant Casey had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff committed any offense, whatsoever.

139. Defendant Casey intentionally detained Plaintiff and/or had him detained with the intention of confining him within the fixed boundaries of in front of his police car and kept him detained for a substantial amount of time. Additionally, Defendant's conduct in detaining Plaintiff deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

140.  All the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

141.  The acts complained of were carried out by Defendant Casey in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

142.  The acts complained of were carried out by Defendant Casey in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of Pevely, all under the supervision of ranking officers of said department.

143.  Defendant Casey, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden under the Constitution of the United States.

144.  Defendants Casey's actions constituted unlawful detention of Plaintiff.

145.  As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

### COUNT VIII
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

## (Municipal Liability-Unlawful Policy)

### (Against City of Pevely)

146.  Plaintiff incorporates herein all the prior allegations.

147.  A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's rights are attributable to its own policies, practices, and customs.

148.  At all times relevant to this complaint, Defendant City of Pevely acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant Casey's conduct.

149.  Defendant Casey stated that he was permitted to seize Plaintiffs phone.

150.  Defendant City of Pevely maintained a custom or policy that permitted officers to prevent individuals from recording public officials. This policy allows officers to detain individuals and seize their property for recording police officers.

151.  This custom and policy that prohibits recording traffic stops and police officers was the standard operating procedure for Defendant Casey, including supervising police officers and directly caused Defendant Casey to deprive Plaintiff of his constitutionally-protected rights as described herein.

152.  Defendant Casey detained Plaintiff and seized Plaintiff's ID and phone for engaging in protected conduct, and without probable cause or reasonable suspicion that he had engaged in any criminal activity.

153. As a result of this policy and custom as reason to detain and seize property for exercising protected conduct, Plaintiff was harmed and now seeks compensatory and punitive damages in addition to reasonable attorney fees.

**COUNT IX**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Municipal Liability-Failure to Train and Supervise)**

***(Against City of Pevely)***

154. Plaintiff incorporates herein all the prior allegations.

155. A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are attributable to its own policies, practices, and customs.

156. At all times relevant to this complaint, Defendant City of Pevely acted with deliberate indifference to Plaintiff's constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant Casey's conduct.

157. In the alternative and at all times relevant to this complaint, Defendant City of Pevely did not in fact have such a policy in place, but failed to properly train Defendant Casey, including supervising police officers, thereby demonstrating deliberate indifference to Plaintiff's rights.

158. Defendant City of Pevely failed to: (a) adequately supervise and train its officers and agents, especially Defendant Casey, thereby failing to adequately

23

discourage further constitutional violations on the part of its officers; and (b) properly and adequately monitor and discipline its officers.

159.  As is being pled in this alternative, the fundamental lack of knowledge of such basic Constitutionally protected conduct by Defendant Casey could only be the by-product of City of Pevely failure to adequately train Defendant Casey before putting him in the position in which he was placed by the Defendant City.

160.  Defendant City of Pevely failed to properly train its police officers on the proper standard for initiating an investigation of a criminal suspect, and how and when to seize their property.

161.  Defendant City of Pevely's failure to adequately supervise and train its police officers on the proper procedures for investigations and criminal investigations caused Defendant Officers to violate Plaintiff's Constitutional rights.

162.  As a result of Defendant City of Pevely's failure to adequately train or correct their policy to arrest people for exercising protected conduct, Plaintiff was harmed and seeks compensatory and punitive damages in addition to reasonable attorney fees.

## **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff, Matthew Rankin, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

a.   Full and fair compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Reasonable attorney's fees and costs of this action; and

d.   Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully Submitted,

EXCOLO LAW, PLLC

Dated: June 13, 2019

By: */s/ Solomon M. Radner*
Solomon M. Radner
EXCOLO LAW, PLLC
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com