IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MATTHEW RANKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:19-cv-01691 |
| vs. | ) | |
| | ) | |
| OFFICER WAYNE CASEY and CITY OF PEVELY, | ) | **DEFENDANT DEMANDS TRIAL BY JURY** |
| | ) | |
| | ) | |
| Defendants. | ) | |

# *DEFENDANT CITY OF PEVELY'S ANSWER TO PLAINTIFF'S COMPLAINT*

COMES NOW Defendant City of Pevely, by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint, states:

## *JURISDICTION AND VENUE*

1. This defendant admits that this purports to be a claim based upon 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments, but this defendant denies the veracity of plaintiff's Complaint or that plaintiff has any viable cause of action against this defendant.

2. Paragraph 2 of plaintiff's Complaint makes no factual allegations to which this defendant is obligated to respond insofar as paragraph 2 contains conclusions of law. To the extent this paragraph is deemed to contain any factual allegations, this defendant denies all such allegations.

3. This defendant admits the allegations contained in paragraph 3 of plaintiff's Complaint.

4. Paragraph 4 of plaintiff's Complaint makes no factual allegations to which this defendant is obligated to respond insofar as paragraph 4 contains conclusions of law. To the extent this paragraph is deemed to contain any factual allegations, this defendant denies all such allegations.

## *PARTIES*

5.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph 5 of plaintiff's Complaint and, therefore, denies same.

6.      This defendant admits that it is a political subdivision of the State of Missouri, but this defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 6 of plaintiff's Complaint and, therefore, denies same.

7.      This defendant denies the allegations contained in paragraph 7 of plaintiff's Complaint.

8.      This defendant admits that on or about January 16, 2019, Defendant Officer Wayne Casey was employed by the City of Pevely and acting within the course and scope of his employment as a police officer, but this defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 8 of plaintiff's Complaint and, therefore, denies same.

## *FACTUAL BACKGROUND*

9.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph 9 of plaintiff's Complaint and, therefore, denies same.

10.     This defendant denies the allegations contained in paragraph 10 of plaintiff's Complaint.

11.     This defendant admits the allegations contained in paragraph 11 of plaintiff's Complaint.

12.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

13.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and

Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

14.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

15.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

16.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

17.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

18.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

19.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

20.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

21.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

22.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and

further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

23.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

24.     This defendant denies the allegations contained in paragraph 24 of plaintiff's Complaint.

25.     This defendant denies the allegations contained in paragraph 25 of plaintiff's Complaint.

26.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

27.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

28.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

29.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

30.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

31.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

32.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

33.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and

further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

34.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

35.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

36.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

37.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

38.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and

Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

39.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

40.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

41.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

42.     This defendant denies the allegations contained in paragraph 42 of plaintiff's Complaint.

43.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

44.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

45.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

46.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

47.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

48.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and

further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

49.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

50.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

51.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

52.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

53.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and

Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

54.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

55.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

56.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

57.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

58.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

59.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

60.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

61.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

62.     This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and

further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

63.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

64.    This defendant admits that, upon information and belief, plaintiff has purportedly referenced a portion of a video documenting the interaction between plaintiff and Defendant Casey, but this defendant further states that the video speaks for itself and further denies that any portion the video and interaction gives rise to a cause of action or claim against this defendant.

65.    This defendant denies the allegations contained in paragraph 65 of plaintiff's Complaint.

66.    This defendant denies the allegations contained in paragraph 66 of plaintiff's Complaint.

67.    This defendant denies the allegations contained in paragraph 67 of plaintiff's Complaint.

68.    This defendant denies the allegations contained in paragraph 68 of plaintiff's Complaint.

69.    This defendant denies the allegations contained in paragraph 69 of plaintiff's Complaint.

***COUNT I – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (First Amendment – Unlawfully Preventing Recording a Traffic Stop and Police Officers)***

***(Against Casey and City of Pevely Defendants)***

70.    This defendant restates and incorporates herein by reference its responses to the preceding paragraphs of plaintiff's Complaint as though fully set forth herein.

71.    This defendant denies the allegations contained in paragraph 71 of plaintiff's Complaint.

72.    This defendant denies the allegations contained in paragraph 72 of plaintiff's Complaint.

73.    This defendant denies the allegations contained in paragraph 73 of plaintiff's Complaint.

74.     This defendant denies the allegations contained in paragraph 74 of plaintiff's Complaint.

75.     This defendant denies the allegations contained in paragraph 75 of plaintiff's Complaint.

76.     This defendant denies the allegations contained in paragraph 76 of plaintiff's Complaint.

77.     This defendant denies the allegations contained in paragraph 77 of plaintiff's Complaint.

**COUNT II – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (First Amendment – Retaliation for Protected Conduct)**

**(Against Casey and City of Pevely Defendants)**

78.     This defendant restates and incorporates herein by reference its responses to the preceding paragraphs of plaintiff's Complaint as though fully set forth herein.

79.     This defendant denies the allegations contained in paragraph 79 of plaintiff's Complaint.

80.     This defendant denies the allegations contained in paragraph 80 of plaintiff's Complaint.

81.     This defendant denies the allegations contained in paragraph 81 of plaintiff's Complaint.

82.     This defendant denies the allegations contained in paragraph 82 of plaintiff's Complaint.

83.     This defendant denies the allegations contained in paragraph 83 of plaintiff's Complaint.

84.     This defendant denies the allegations contained in paragraph 84 of plaintiff's Complaint.

85.     This defendant denies the allegations contained in paragraph 85 of plaintiff's Complaint.

86.     This defendant denies the allegations contained in paragraph 86 of plaintiff's Complaint.

87.     This defendant denies the allegations contained in paragraph 87 of plaintiff's Complaint.

88.     This defendant denies the allegations contained in paragraph 88 of plaintiff's Complaint.

**COUNT III – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (First Amendment – Retaliation for Protected Conduct)**

**(Against Casey and City of Pevely Defendants)**

89.     This defendant restates and incorporates herein by reference its responses to the preceding paragraphs of plaintiff's Complaint as though fully set forth herein.

90.     This defendant denies the allegations contained in paragraph 90 of plaintiff's Complaint.

91.    This defendant denies the allegations contained in paragraph 91 of plaintiff's Complaint.

92.    This defendant denies the allegations contained in paragraph 92 of plaintiff's Complaint.

93.    This defendant denies the allegations contained in paragraph 93 of plaintiff's Complaint.

94.    This defendant denies the allegations contained in paragraph 94 of plaintiff's Complaint.

95.    This defendant denies the allegations contained in paragraph 95 of plaintiff's Complaint.

96.    This defendant denies the allegations contained in paragraph 96 of plaintiff's Complaint.

97.    This defendant denies the allegations contained in paragraph 97 of plaintiff's Complaint.

98.    This defendant denies the allegations contained in paragraph 98 of plaintiff's Complaint.

99.    This defendant denies the allegations contained in paragraph 99 of plaintiff's Complaint.

## COUNT IV – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (First Amendment – Retaliation for Protected Conduct)

### (Against Casey and City of Pevely Defendants)

100.    This defendant restates and incorporates herein by reference its responses to the preceding paragraphs of plaintiff's Complaint as though fully set forth herein.

101.    This defendant denies the allegations contained in paragraph 101 of plaintiff's Complaint.

102.    This defendant denies the allegations contained in paragraph 102 of plaintiff's Complaint.

103.    This defendant denies the allegations contained in paragraph 103 of plaintiff's Complaint.

104.    This defendant denies the allegations contained in paragraph 104 of plaintiff's Complaint.

105.    This defendant denies the allegations contained in paragraph 105 of plaintiff's Complaint.

106.    This defendant denies the allegations contained in paragraph 106 of plaintiff's Complaint.

107.    This defendant denies the allegations contained in paragraph 107 of plaintiff's Complaint.

108.    This defendant denies the allegations contained in paragraph 108 of plaintiff's Complaint.

109.    This defendant denies the allegations contained in paragraph 109 of plaintiff's Complaint.

110.    This defendant denies the allegations contained in paragraph 110 of plaintiff's Complaint.

### *COUNT V – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (Fourth Amendment – Unlawful Seizure of Phone)*

### *(Against Casey and City of Pevely Defendants)*

111.   This defendant restates and incorporates herein by reference its responses to the preceding paragraphs of plaintiff's Complaint as though fully set forth herein.

112.   This defendant denies the allegations contained in paragraph 112 of plaintiff's Complaint.

113.   This defendant denies the allegations contained in paragraph 113 of plaintiff's Complaint.

114.   This defendant denies the allegations contained in paragraph 114 of plaintiff's Complaint.

115.   This defendant denies the allegations contained in paragraph 115 of plaintiff's Complaint.

116.   This defendant denies the allegations contained in paragraph 116 of plaintiff's Complaint.

117.   This defendant denies the allegations contained in paragraph 117 of plaintiff's Complaint.

118.   This defendant denies the allegations contained in paragraph 118 of plaintiff's Complaint.

119.   This defendant denies the allegations contained in paragraph 119 of plaintiff's Complaint.

120.   This defendant denies the allegations contained in paragraph 120 of plaintiff's Complaint.

### *COUNT VI – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (Fourth Amendment – Unlawful Seizure of ID)*

### *(Against Casey and City of Pevely Defendants)*

121.   This defendant restates and incorporates herein by reference its responses to the preceding paragraphs of plaintiff's Complaint as though fully set forth herein.

122.   This defendant denies the allegations contained in paragraph 122 of plaintiff's Complaint.

123.   This defendant denies the allegations contained in paragraph 123 of plaintiff's Complaint.

124.   This defendant denies the allegations contained in paragraph 124 of plaintiff's Complaint.

125.   This defendant denies the allegations contained in paragraph 125 of plaintiff's Complaint.

126.   This defendant denies the allegations contained in paragraph 126 of plaintiff's Complaint.

127.   This defendant denies the allegations contained in paragraph 127 of plaintiff's Complaint.

128.    This defendant denies the allegations contained in paragraph 128 of plaintiff's Complaint.

129.    This defendant denies the allegations contained in paragraph 129 of plaintiff's Complaint.

130.    This defendant denies the allegations contained in paragraph 130 of plaintiff's Complaint.

### COUNT VII – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (Fourth Amendment – Unlawful Detainment)

### (Against Casey and City of Pevely Defendants)

131.    This defendant restates and incorporates herein by reference its responses to the preceding paragraphs of plaintiff's Complaint as though fully set forth herein.

132.    This defendant denies the allegations contained in paragraph 132 of plaintiff's Complaint.

133.    This defendant denies the allegations contained in paragraph 133 of plaintiff's Complaint.

134.    This defendant denies the allegations contained in paragraph 134 of plaintiff's Complaint.

135.    This defendant denies the allegations contained in paragraph 135 of plaintiff's Complaint.

136.    This defendant denies the allegations contained in paragraph 136 of plaintiff's Complaint.

137.    This defendant denies the allegations contained in paragraph 137 of plaintiff's Complaint.

138.    This defendant denies the allegations contained in paragraph 138 of plaintiff's Complaint.

139.    This defendant denies the allegations contained in paragraph 139 of plaintiff's Complaint.

140.    This defendant denies the allegations contained in paragraph 140 of plaintiff's Complaint.

141.    This defendant denies the allegations contained in paragraph 141 of plaintiff's Complaint.

142.    This defendant denies the allegations contained in paragraph 142 of plaintiff's Complaint.

143.    This defendant denies the allegations contained in paragraph 143 of plaintiff's Complaint.

144.    This defendant denies the allegations contained in paragraph 144 of plaintiff's Complaint.

145.    This defendant denies the allegations contained in paragraph 145 of plaintiff's Complaint.

## COUNT VIII – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (Municipal Liability – Unlawful Policy)

### (Against City of Pevely Defendant)

146.   This defendant restates and incorporates herein by reference its responses to the preceding paragraphs of plaintiff's Complaint as though fully set forth herein.

147.   This defendant denies the allegations contained in paragraph 147 of plaintiff's Complaint.

148.   This defendant denies the allegations contained in paragraph 148 of plaintiff's Complaint.

149.   This defendant denies the allegations contained in paragraph 149 of plaintiff's Complaint.

150.   This defendant denies the allegations contained in paragraph 150 of plaintiff's Complaint.

151.   This defendant denies the allegations contained in paragraph 151 of plaintiff's Complaint.

152.   This defendant denies the allegations contained in paragraph 152 of plaintiff's Complaint.

153.   This defendant denies the allegations contained in paragraph 153 of plaintiff's Complaint.

## COUNT IX – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (Municipal Liability – Failure to Train and Supervise)

### (Against City of Pevely Defendant)

154.   This defendant restates and incorporates herein by reference its responses to the preceding paragraphs of plaintiff's Complaint as though fully set forth herein.

155.   This defendant denies the allegations contained in paragraph 155 of plaintiff's Complaint.

156.   This defendant denies the allegations contained in paragraph 156 of plaintiff's Complaint.

157.   This defendant denies the allegations contained in paragraph 157 of plaintiff's Complaint.

158.   This defendant denies the allegations contained in paragraph 158 of plaintiff's Complaint.

159.   This defendant denies the allegations contained in paragraph 159 of plaintiff's Complaint.

160.   This defendant denies the allegations contained in paragraph 160 of plaintiff's Complaint.

161.   This defendant denies the allegations contained in paragraph 161 of plaintiff's Complaint.

162.   This defendant denies the allegations contained in paragraph 162 of plaintiff's Complaint.

### *AFFIRMATIVE DEFENSES*

1.      For further answer and affirmative defense, this defendant states that plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

2.      For further answer and affirmative defense, this defendant states that any actions taken by defendants were discretionary in nature and made in good faith upon a reasonable belief that said actions were in accordance with the Constitution and laws of the United States and the State of Missouri, and thus, defendants are protected from liability by the doctrine of qualified immunity.

3.      For further answer and affirmative defense, this defendant states that defendants' acts and conduct were performed according to, and protected by, law and, therefore, plaintiff cannot recover.

4.      For further answer and affirmative defense, this defendant states that defendants acted reasonably under the circumstances and that their conduct was justified and/or privileged.

5.      For further answer and affirmative defense, this defendant states that defendants are immune from all or part of the claims set forth in plaintiff's Complaint.

6.      For further answer and affirmative defense, this defendant states that merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

7.      For further answer and affirmative defense, this defendant states plaintiff has not been deprived of any right secured by the Constitution or the laws of the United States or the State of Missouri.

8.      For further answer and affirmative defense, this defendant states that to the extent plaintiff's claims against the City of Pevely are based on the doctrines of respondeat

superior or vicarious liability, such claims are barred because those doctrines are not a basis for recovery under 42 U.S.C. § 1983.

9.      For further answer and affirmative defense, this defendant states that it did not, at any time material hereto, adopt or maintain a municipal policy, practice, or custom that tolerated or permitted the violation of plaintiff's civil rights.

10.     For further answer and affirmative defense, this defendant states that plaintiff suffered no injury or damages as a result of any act or omission by defendants.

11.     For further answer and affirmative defense, this defendant states, alternatively, that any injury or damages suffered by plaintiff (which defendants deny) were *de minimis* and do not implicate the deprivation of a constitutional right and are insufficient to support the claims set forth in plaintiff's Complaint.

12.     For further answer and affirmative defense, this defendant states, alternatively, that any alleged injury or damages suffered by plaintiff (which defendants deny) were solely and proximately caused by plaintiff's own conduct.

13.     For further answer and affirmative defense, this defendant states that in the event that the trier of fact finds fault against either or both of the defendants, defendants request that the trier of fact determine the percentage of fault of all parties, including, but not limited to, plaintiff.

14.     For further answer and affirmative defense, this defendant states that plaintiff is estopped from asserting the claims set forth in his Complaint by his conduct and actions in interacting with Defendant Casey.

15.     For further answer and affirmative defense, this defendant states that defendants deny that punitive damages are submissible or appropriate, but further state that any award of punitive damages shall be limited by Missouri Revised Statute, Section 510.265.1.

16.     For further answer and affirmative defense, this defendant states that the substantive and procedural laws of the State of Missouri concerning the assessment and imposition of punitive damages are violative of the Fourteenth Amendment to the United States Constitution, in that unlimited jury and/or judicial discretion in the fixing of punitive damages invites extreme results which are unacceptable under the due process clause of the Fourteenth Amendment of the United States Constitution.  Under Missouri law, no reasonable constraints on the exercise of the jury's discretion in awarding punitive damages are furnished by jury instructions (or otherwise), in that the jury is not directed to consider relative factors in quantifying the amount of punitive damages that may be awarded.  The absence of directives to the jury to consider relative factors allows impermissible and unconstitutional vagueness and ambiguity in the jury instruction, deliberation and verdict. This vagueness and ambiguity in turn threaten to deprive this defendant of its property without due process of law.

17.     For further answer and affirmative defense, this defendant states that the imposition of punitive damages under the facts of this case would be violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and in violation of Sections 2, 10, 15, 21 and 22(a) of Article I of the Constitution of the State of Missouri. Specifically, this defendant states that the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages are unconstitutionally vague and arbitrary; that punitive damages alleged in this case are excessive punishment; and that punitive damages are impermissible under the Fourteenth Amendment to the United States Constitution in that they constitute a fundamental denial of due process of law.

18.  For further answer and affirmative defense, this defendant states that the request for imposition of punitive damages against defendant is highly penal in nature, therefore triggering the protection of the aforesaid sections of the United States Constitution and the Constitution of the State of Missouri.  Accordingly, the evidentiary burden of proof that plaintiff must satisfy and fulfill as a condition precedent to the award of punitive damages should be that of "proof beyond a reasonable doubt."

19.  For further answer and affirmative defense, this defendant states that any liability to Plaintiff, which defendants affirmatively deny, is limited pursuant to Missouri Revised Statute, Section 537.610.

20.  For further answer and affirmative defense, this defendant states that plaintiff's claims are barred by the doctrine of unclean hands.

21.  For further answer and affirmative defense, this defendant states that it reserves the right to amend or supplement its affirmative defenses upon conducting further discovery in this matter.

WHEREFORE, having fully answered plaintiff's Complaint, Defendant City of Pevely prays to be dismissed with its costs herein expended, and for such other and further relief as this Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY.**

/s/ Michael S. Hamlin
Michael S. Hamlin #52972
NICHOLS LANG & HAMLIN, LLC
Attorneys for Defendants
1795 Clarkson Road, Suite 230
Chesterfield, Missouri 63017
(314) 429-1515
(314) 428-9592 (Fax)
mike@nlh-law.com

### *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that a copy of the foregoing has been electronically served on all counsel of record via the CM/ECF system on this 14th day of August, 2019.  Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.


/s/ Michael S. Hamlin